IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06cr385

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER and NOTICE |
| | ) | |
| RUSSELL AVERY ALVEREST | ) | |
| | ) | |

**THIS MATTER** comes before the Court on the defendant's Appeal Pursuant to Rule 60(b)(4) of the Federal Rules Of Civil Procedure. (Doc. No. 24).

The defendant claims the criminal judgment against him (Doc. No. 22) is void for lack of jurisdiction. (Doc. No. 24: Motion at 1). The Fourth Circuit has recognized that such motions brought under Rule 60(b) are actually collateral attacks on a defendant's conviction and sentence which must be brought under 28 U.S.C. § 2255. United States v. Winestock, 340 F.3d 200, 207-08 (4th Cir. 2003). However, the defendant has chosen not to file his claim under § 2255 because he mistakenly believes that statute is unconstitutional. (Doc. No. 24: Motion at 1). Accordingly, Rule 60(b) provides no relief for the defendant's claim, and the defendant must pursue this issue, if he chooses, in accordance with § 2255.

Because the limitations period for filing a § 2255 petition has now likely expired, the Court will allow the defendant to elect between treating the instant motion as a timely-filed § 2255 petition[1] or withdrawing it. Therefore, the Court advises the defendant of the following: (1) the Court intends to construe his Rule 60(b) Motion as a Motion to Vacate pursuant to 28 U.S.C. § 2255; (2) if so construed, the Court will provide the defendant with an opportunity to

---

[1]The judgment was entered on September 28, 2007, and the defendant did not file a direct appeal. The instant motion was submitted on or about March 19, 2008. (Doc. No. 24: Motion at 3). The defendant has not yet filed a motion under § 2255.

supplement or amend his motion, to the extent permitted by law; and (3) a consequence of converting the defendant's Rule 60(b) motion into a § 2255 motion is that any later attempt by the defendant to file a § 2255 motion would be subject to dismissal as a second or successive petition. United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002).

In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA") which amended § 2255. The one-year limitation period in which to file a motion under § 2255 runs from the latest of "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the United States Constitution or the laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255. Here, it appears that the judgment became final on or about October 15, 2007, when no direct appeal was filed.

Generally, second or successive motions under § 2255 are prohibited. In order to be heard, a second or successive motion must be certified as provided in § 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. If not certified, the district court must dismiss the second or successive petition. Rules Governing Section 2255 Proceedings 4(b) and 9.

**IT IS, THEREFORE, ORDERED** that the defendant has twenty (20) days to respond to this Order and indicate whether he requests that the Court to consider his Rule 60(b) Motion as a Motion to Vacate under § 2255, or whether he withdraws the motion. The failure to elect between these two options or to respond at all will result in the Court construing the Rule 60(b) Motion as a Motion to Vacate under § 2255 and proceeding accordingly.

The Clerk is directed to send copies of this Order and Notice to the parties, including Russell Avery Alverest, FCI Beckley, P.O. Box 350, Beaver, West Virginia, 25813.

Signed: April 24, 2009

Robert J. Conrad, Jr.
Chief United States District Judge